UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERYL BOSEMAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3:16-CV-728 |
| | ) | |
| v. | ) | Judge Collier |
| | ) | |
| PRESTIGE AUTO SALES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

# **M E M O R A N D U M**

Before the Court is an unopposed motion for summary judgment filed by Plaintiff, Sheryl Boseman. (Doc. 25.) Defendant Prestige Auto Sales, Inc. has failed to respond to Plaintiff's motion and failed to respond to the Court's Order to show cause (Doc. 29) for Defendant's failure to respond to Plaintiff's motion.[1] For the following reasons, the Court will **GRANT** Plaintiff's motion (Doc. 25).

## I. BACKGROUND

On September 4, 2015, Plaintiff entered into an agreement with Defendant to purchase a Chevrolet Cobalt. Plaintiff could not afford to pay the whole purchase price for the vehicle, so Defendant sold the car to Plaintiff on credit at 22% interest.[2] The agreement called for Plaintiff to repay the loan in forty-one payments. Defendant provided Plaintiff a disclosure statement in accordance with the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and that disclosure statement included a disclosure of the payments scheduled to repay Plaintiff's loan.

---

[1] Defendant was ordered to show cause no later than April 20, 2017. (Doc. 29.)

[2] The purchase price for the vehicle was $5,995.

The schedule provided due dates for forty of Plaintiff's payments, but did not provide a due date for the final payment.[3]

Plaintiff filed this action on April 13, 2016 pursuant to 15 U.S.C. § 1638(a)(6). Plaintiff's sole claim is that Defendant failed to disclose the due date for the final payment and this failure to disclose violated the TILA.

## II.　STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff").

---

[3] The payment schedule included forty biweekly payments of $160 beginning September 18, 2015, as well as a "final payment" of $18.09. The "final payment" did not have a due date.

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

A court "cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Sough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998) (alteration in original) (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). The court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). Moreover, the Federal Rules of Civil Procedure "require that the party filing a motion for summary judgment 'always bears the burden of demonstrating the absence of a genuine issue as to a material fact.'" *Sough*, 138 F.3d at 614 (quoting *Carver*, 946 F.2d at 454). It is not necessary for the court to "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Guarino*, 980 F.2d at 410. Rather, the court "may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Id.*

## III. DISCUSSION

The TILA is a strict-liability statute that requires absolute compliance.[4] *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 801 (6th Cir. 1996) ("[O]nce the court finds a violation, no matter how technical, it has no discretion with respect to the imposition of liability.") The TILA requires "[f]or each consumer credit transaction . . . the creditor shall disclose each of the following items: . . . due dates or period of payments scheduled to repay the total of payments." 15 U.S.C. § 1638(a)(6). For purposes of this motion, Plaintiff claims that Defendant failed to disclose the due date of the "final payment." (Doc. 25.)

Plaintiff must initially show there is no genuine dispute as to any material facts. Fed. R. Civ. P. 56(a). The Court finds there is no genuine dispute as to whether Defendant is a creditor and Defendant entered into a credit sale with Plaintiff.[5] Further, it is undisputed Plaintiff purchased the vehicle at issue for her own personal use. (Doc. 25-1.) Accordingly, the court finds the credit sale between Plaintiff and Defendant was a consumer[6] credit transaction and Defendant was responsible to provide Plaintiff with the required enumerated TILA disclosures.

---

[4] To assist in interpreting the TILA, deference should be given to the Federal Reserve Board's ("FRB") interpretations and commentary—which is known as Regulation Z—unless the FRB's interpretation is irrational. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565–68 (1980); *See also U.S. v. Petroff-line*, 557 F.3d 285, 294 (6th Cir. 2009). The court does not find any of the FRB's interpretations provided by Plaintiff to be irrational.

[5] In addition to Defendant's failure to respond to Plaintiff's motion for summary judgment, these material facts are deemed admitted because Defendant failed to respond to Plaintiff's request for admissions. (*See* Doc. 24 [Order].)

[6] "The adjective 'consumer,' used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i).

4

The next issue the Court must address is whether Defendant failed to provide Plaintiff with the required TILA disclosures. It is undisputed that the "final payment" appearing in the payment schedule of the disclosure lacked a due date. (Doc. 25-1.) It is Congress's intent for TILA disclosures to be "clear and conspicuously in writing . . . ." 12 C.F.R. § 226.17. The purpose of this requirement is to prevent the consumers from having to guess or assume a disclosure's particular meaning. *See Wright v. Tower Loan of Mississippi, Inc.*, 679 F.2d 436, 445 (5th Cir. 1982); *see also Pennino v. Morris Kirschman & Co.*, 526 F.2d 367, 372 (5th Cir. 1976). Whether a creditor's disclosure is clear is a question of law, determined on an "ordinary consumer" standard. In other words, what a given consumer knows or does not know is immaterial when evaluating a creditor's TILA disclosures. *See Purtle*, 91 F.3d at 800. Since the "final payment" is an irregular payment—that is, a one-time payment not covered by the FRB's period of payments disclosure rule—that payment must have a disclosed due date to be compliant with the TILA. *See* 12 C.F.R. § 226.18(g). The court finds it persuasive that the FRB's two published model forms instructing creditors on how to disclose a series of regular payments and a single irregular payment both include a due date for the single irregular payment. *See* 12 C.F.R. pt. 226 app. H, at H-11 and H-12. Disclosing the due date for the single irregular payment prevents the consumer from having to guess or assume when the payment is due.

The court concludes an "ordinary consumer" could find a creditor's disclosure unclear if the irregular payment does not list a due date. Therefore, Defendant violated the TILA by failing to properly disclose a due date for the $18.09 irregular "final payment."

5

The Court concludes Plaintiff has met her burden by showing there is no genuine dispute as to any material facts and she is entitled to judgment as a matter of law. Plaintiff is entitled to an award of $1,994.92 in statutory damages. *See* 15 U.S.C. § 1640(a)(2)(A)(i).[7]

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion for summary judgment. (Doc. 25.)

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[7] "[A]ny creditor who fails to comply with any requirement imposed under [the TILA] . . . with respect to any person is liable to such person in an amount equal to the sum of . . . twice the amount of any finance charge in connection with the transaction[.]" 15 U.S.C. § 1640(a)(2)(A)(i). The finance charge assessed on Plaintiff's agreement with Defendant is $997.46. (Doc. 25-1.) Plaintiff is entitled to twice the amount of $997.46, which equals $1994.92.