IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERYL BOSEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-0728 |
| | ) | |
| PRESTIGE AUTO SALES, INC., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion for Attorney's Fees and Plaintiff's Motion to Ascertain Status, requesting this Court to award attorney fees under 15. U.S.C. § 1640(a)(3) and for status on Plaintiff's Motion for Attorney Fees. For the reasons provided below, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees and **STRIKES** for mootness Plaintiff's Motion to Ascertain Status.

### I. PROCEDURAL HISTORY

In September of 2015, Plaintiff entered into an agreement with the Defendant to purchase a Chevrolet Cobalt. (Doc. No. 31 at 1). Plaintiff could not afford to pay the whole purchase price, so Defendant sold the car to Plaintiff on credit at a 22% interest, and Plaintiff agreed to repay the loan in forty-one payments. (*Id*). In accordance with the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), Defendant provided Plaintiff a disclosure statement that included a disclosure of payments scheduled for Plaintiff to repay toward the loan. (*Id*). While the schedule provided due dates for the Plaintiff's payments, it did not provide a due date for the final payment. *See* 15 U.S.C. §1638(a)(6). Plaintiff filed an action on April 13, 2016, under 15 U.S.C. §1638(a)(6), on the sole

1

claim that Defendant failed to disclose the due date for the final payment in violation of the TILA. (Doc. No. 31 at 2).

On July 25, 2017, this Court granted Plaintiff's motion for summary judgment due to Defendant's failure to respond to Plaintiff's motion and failure to respond to the Court's Order to show cause. (Doc. No. 34 at 1). This Court awarded Plaintiff $1,994.92 in statutory damages in accordance with 15 U.S.C. §1640(a)(2)(A)(i). (*Id*). Plaintiff now requests attorney's fees and costs in the amount of $12,094.00. (*Id*).

## II.   ATTORNEY FEES UNDER TILA

The TILA provides in part:

[A] creditor who fails to comply with any requirements imposed under this part, . . . with respect to any person is liable to such person in an amount equal to the sum of—
(3) in the case of any successful action to enforce the foregoing liability. . . the costs of the action, together with reasonable attorney's fee as determined by the court. . .

15 U.S.C. §1640(a)(3).

TILA provides for a successful claimant to recover reasonable attorney's fees as a separate and distinct category from actual damages. *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 802 (6th Cir. 1996). Reasonable attorney's fees are not limited by the amount of a plaintiff's recovery. *Id.* Since the statue does not explain the meaning of "reasonable" fee, the determination of attorney's fees is in the discretion of the Courts. *Perdue v. Kenny A. ex. Rel. Winn*, 559 U.S. 542 (2010). "The judge's discretion is not unlimited. It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement." *Perdue*, 559 U.S. at 558.

Courts use the lodestar amount, multiplying the number of hours reasonably expended on litigation by the reasonable hourly rate, to calculate reasonable attorney's fees. *Smith v. Rock-Tenn Services, Inc.*, 2015 WL 13187062, at *1 (M.D. Tenn. Aug. 18, 2015). While there is a

2

presumption that the lodestar figure represents a reasonable fee, district courts may consider other factors to determine whether the fee is reasonable. *Six L's Packing Co. Inc. v. James Erica Beale*, 2014 WL 12577348, at *3 (M.D. Tenn. May 28, 2014). Courts look to the degree of success obtained to determine reasonableness of a fee. *Cramblit v. Fikse*, 33 F.3d 633 (6th Cir. 1994); *Derry v. Buffalo & Assoc., PLC*, 2014 WL 4450146 (E.D. Tenn. Sept. 10, 2014). In some circumstances, after considering the amount and nature of damages awarded, a court may lower an award of fees. *Cramblit*, 33 F.3d at 635 (citing *Citizens Against Tax Waste v. Westerville City School*, 985 F.2d 255, 258 (6th Cir. 1993)).

### III. ANALYSIS

*A. Reasonableness of Hourly Rate*

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring,* 36 F.3d 517, 533 (6th Cir.1994). The Court has broad discretion and should use the "prevailing market rate in the relevant community" to calculate a reasonable hourly rate. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2014). The prevailing market rate is defined as "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

Attorney Russell Thompson, IV seeks a fee of $400 per hour for TILA contingent fee matters. (Doc. No. 34-1 at 12). Attorneys Jose Gill and Paul Guibao seek a fee of $350 per hour. (*Id*). Paralegals, Zachary Landis and Tremain Davis, seek a fee of $135 per hour. (*Id*). Attorney Russell Thompson submitted a declaration supporting the hourly rate for each attorney and each

paralegal.[1] (Doc. No. 34-2). Plaintiff argues there are few cases regarding the reasonable rate for attorney's fees in TILA claims brought in the Middle District of Tennessee, but relies on cases from other courts around the country to support a billing rate between $350 and $475.[2] (Doc. No. 34 at 12). TILA is a complex statute requiring familiarity with regulations and commentaries. Based on the declaration of Russell Thompson, which specifically addresses experience, knowledge, skill, and reputation for the attorneys and paralegals, the Court finds the hourly rates reasonable.[3]

B. *Number of Hours Reasonably Expended*

In calculating counsel's reasonable hours expended on a case, the Court should exclude fee requests that are "excessive, redundant, or unnecessary". *Ohio Right to Life Soc., Inc. v. Ohio Elections Com'n*, 590 Fed. Appx. 597, 602-03 (6th Cir. 2014). While there is no rule for making reasonable hour determinations in a case, a Court may eliminate specific hours or reduce the award of fees. *Id.* at 603 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1933)). "The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of

---

[1] "The fee applicant bears the burden to produce evidence, in addition to the attorney's own affidavits, that the requested rates are in line with the prevailing community rates." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984).

[2] *Louisville Black Police Officers Org. v. City of Louisville,* 700 F.2d 268, 278 (6th Cir.1983) (finding that district courts are not required to base attorney fees on local rates and that district courts may look to a national market or the market rate for a specialized area of law to determine the appropriate rate).

[3] *Monroe v. FTS USA, LLC*, 2014 WL 4472720 (W.D. Tenn. Jul. 26, 2014) (finding that an hourly rate between $275 and $450 was beyond the prevailing market in Memphis, Tennessee, but was appropriate for attorneys with a high profile, experience, and reputation).

producing evidence against this reasonableness." *Cox v. Shelby State Community College*, 2006 WL 3359237 at *2 (W.D. Tenn. Nov. 17, 2006).

Plaintiff provided an itemized list of work performed by the attorneys and paralegals; the Court finds the number of 42.1 hours billed to be reasonable. (Doc. No. 34-1). The Court finds no entries that are duplicative or excessive in nature and no hours will be excluded. Due to the success of the Plaintiff, the Court finds the attorneys and paralegals should recover a full compensatory fee. *The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1933).

## IV. CONCLUSION

After weighing the relevant factors, the Court **GRANTS** Plaintiff's Motion for Attorney Fees and Plaintiff's attorneys are entitled to a full compensatory fee in the amount of $12,094.00. Additionally, as this Order entirely resolves Plaintiff's Motion, Plaintiff's Motion to Ascertain Status is **DENIED** as moot.

It is so **ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE